IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLA GARRETT, individually,          *
 and on behalf of all others
 similarly situated                   *

            Plaintiff                 *

            vs.                       *        CIVIL ACTION NO. JKB-18-325

MONTEREY FINANCIAL SERVICES,          *
  LLC
                                      *
            Defendant
    *       *       *       *         *       *       *       *       *

MEMORANDUM RE: ARBITRATION

The Court has before it Defendant's Motion to Dismiss and

to Compel Arbitration [ECF No. 7] and the materials submitted

relating thereto.  The Court has reviewed the exhibits and

considered the materials submitted by the parties.  The Court

finds a hearing unnecessary.  The motion will be granted.


I.    INTRODUCTION

In this putative class action, Plaintiff, Carla Garrett

("Garrett") sues Defendant Monterey Financial Services, LLC[1]

("Monterey") for violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").  Monterey

moves this Court to compel arbitration and dismiss all causes of

action.

---

[1]    Defendant was misnamed in the Complaint as Monterey
Financial Services, but its corporate name is Monterey Financial
Services, LLC.  Corp. Disclosure Statement, ECF No. 4.

II.  BACKGROUND

Garrett entered into an electronic Installment Loan
Agreement ("the Agreement") with General Financial Inc. ("GFI")
on June 4, 2013, through the website www.justmilitaryloans.com.
The Agreement contains a Waiver of Jury Trial and Arbitration
provision, which states, in pertinent part:

>    1.   FOR PURPOSES OF THIS WAIVER OF
>    JURY TRIAL AND ARBITRATION PROVISION, THE
>    WORDS "DISPUTE" AND "DISPUTES" ARE GIVEN THE
>    BROADEST POSSIBLE MEANING AND INCLUDE,
>    WITHOUT LIMITATION (A) ALL CLAIMS, DISPUTES,
>    OR CONTROVERSIES ARISING FROM OR RELATING
>    DIRECTLY OR INDIRECTLY TO THE SIGNING OF
>    THIS ARBITRATION PROVISION, THE VALIDITY AND
>    SCOPE OF THIS ARBITRATION PROVISION AND ANY
>    CLAIM OR ATTEMPT TO SET ASIDE THIS
>    ARBITRATION PROVISION; . . . .
>
>    2.   YOU ACKNOWLEDGE AND AGREE THAT BY
>    ENTERING INTO THIS ARBITRATION PROVISION:
>
>    **(A) YOU ARE GIVING UP YOUR RIGHT TO HAVE A
>    TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED
>    AGAINST US OR RELATED THIRD PARTIES;**
>
>    **(B) YOU ARE GIVING UP YOUR RIGHT TO HAVE A
>    COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US
>    OR RELATED THIRD PARTIES;**
>
>    (C) GIVING UP YOUR RIGHT TO SERVE AS A
>    REPRESENTATIVE, AS A PRIVATE ATTORNEY
>    GENERAL, OR IN ANY OTHER REPRESENTATIVE
>    CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER
>    OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT
>    FILED AGAINST US AND/OR RELATED THIRD
>    PARTIES.
>
>    3.   ALL DISPUTES INCLUDING ANY
>    REPRESENTATIVE CLAIMS AGAINST US AND/OR
>    RELATED THIRD PARTIES SHALL BE RESOLVED BY
>    BINDING ARBITRATION ONLY ON AN INDIVIDUAL

BASIS WITH YOU. THEREFORE, THE ARBITRATOR
SHALL NOT CONDUCT CLASS ARBITRATION; THAT
IS, THE ARBITRATOR SHALL NOT ALLOW YOU TO
SERVE AS A REPRESENTATIVE, AS A PRIVATE
ATTORNEY GENERAL, OR IN ANY OTHER
REPRESENTATIVE CAPACITY FOR OTHERS IN THE
ARBITRATION.

. . . .

5. REGARDLESS OF WHO DEMANDS
ARBITRATION, AT YOUR REQUEST WE WILL ADVANCE
YOUR PORTION OF THE ARBITRATION EXPENSES,
INCLUDING THE FILING, ADMINISTRATIVE,
HEARING AND ARBITRATOR'S FEES ("ARBITRATION
FEES").

. . . .

**8. OPT-OUT PROCESS:** YOU MAY CHOOSE TO
OPT OUT THE ARBITRATION PROVISION, BUT ONLY
BY FOLLOWING THE PROCESS SET-FORTH BELOW. IF
YOU DO NOT WISH TO BE SUBJECT TO THIS
ARBITRATION PROVISION, THEN YOU MUST NOTIFY
US IN WRITING WITHIN SIXTY (60) CALENDAR
DAYS OF THE DATE OF THIS AGREEMENT AT THE
FOLLOWING ADDRESS: . . . . YOUR WRITTEN
NOTICE MUST INCLUDE YOUR NAME, ADDRESS,
ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER,
THE DATE OF THIS AGREEMENT, AND A STATEMENT
THAT YOU WISH TO OPT OUT OF THIS ARBITRATION
PROVISION. IF YOU CHOOSE TO OPT OUT, THEN
YOUR CHOICE WILL APPLY ONLY TO THE
APPLICATION, LOAN AGREEMENT, ACH
AUTHORIZATION, AND ARBITRATION PROVISIONS
SUBMITTED BY YOU IN THIS TRANSACTION.

Mot. Ex. A 13-16, ECF No. 7-2.[2]

---

[2] The Agreement also states "that the laws of the state of
Delaware will govern all matters relating to [the] loan and this
Agreement, except the Waiver of Jury Trial and Arbitration
Provision, which is governed by the Federal Arbitration Act."
Mot. Ex. A 8, ECF No. 7-2.

Subsequently, the Agreement was assigned to Monterey for collecting the debt. See Busker Decl. ¶ 3, ECF No. 7-3. On February 26, 2018, after Garrett filed her Complaint, Monterey produced the underlying contract and requested Garrett voluntarily dismiss the instant litigation in light of the arbitration provision from which Garrett did not opt-out. Garrett did not respond to the request.

Garrett does not dispute the existence or scope of the arbitration provision but contends that it is unconscionable. Opp'n 2-3, ECF No. 10.

III. LEGAL SETTING

A.   Motion to Dismiss

Although the instant motion was brought under Rule[3] 12(b)(1), motions to dismiss in connection with a valid arbitration agreement are often brought under Rule 12(b)(6) based on the observation that "'the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction.'" Cheraghi v. MedImmune, LLC, No. 8:11-CV-01505 AW, 2011 WL 6047059, at *2 (D. Md. Dec. 5, 2011) (quoting Liveware Publ'g, Inc. v. Best Software, Inc., 252 F. Supp. 2d 74, 78 (D. Del. 2003)). "It instead requires the Court

_____

[3]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

to forego the exercise of jurisdiction in deference to the parties' contractual agreement to address in another forum those disputes which fall within the scope of the agreement to arbitrate." Liveware, 252 F. Supp. 2d. at 78-79. However, courts have also found it proper to dismiss claims subject to arbitration agreements under Rule 12(b)(1). See, e.g., Jensen v. Klayman, 115 F. App'x 634, 634-35 (4th Cir. 2004) (affirming the district court's finding that dismissal pursuant to Rule 12(b)(1) would be appropriate because of an arbitration agreement between the parties); Muigai v. IMC Constr., Inc., Civ. No. PJM-10-1119, 2011 WL 1743287, at *2-5 (D. Md. 2011) (dismissing under Rule 12(b)(1)).

The Court finds the argument academic and does not decide under which rule Monterey's motion is more appropriately considered because dismissal in this case is proper under either Rule.[4]

---

[4] Further, because the Agreement is integral to the Complaint, the Court may decide a 12(b)(6) motion without converting it into a motion for summary judgment. See Cheraghi, 2011 WL 6047059, at *3; Westmoreland v. Prince George's Cty., Md., No. 09-CV-2453 AW, 2011 WL 3880422, at *2, n.1 (D. Md. Aug. 31, 2011). And under a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. Richmond, Fredericksburg & Potomac R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991).

B.    The Federal Arbitration Act

The Federal Arbitration Act ("FAA") reflects a strong

federal policy favoring arbitration, and courts are thus

required to "rigorously enforce agreements to arbitrate."

Shearson/American Exp., Inc. v. McMahon, 482 U.S. 220, 226

(1987).  However, before compelling an unwilling party to

arbitration, a court must "engage in a limited review to ensure

that the dispute is arbitrable - i.e., that a valid agreement to

arbitrate exists between the parties and that the specific

dispute falls within the substantive scope of that agreement."

Murray v. United Food and Commercial Workers Int'l Union, 289

F.3d 297, 302 (4th Cir. 2002).

"The 'heavy presumption of arbitrability requires that when

the scope of the arbitration clause is open to question, a court

must decide the question in favor of arbitration.'"  Levin v.

Alms & Assocs., Inc., 634 F.3d 260, 266 (4th Cir. 2011) (quoting

Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d

809, 812 (4th Cir. 1989)); see also Muriithi v. Shuttle Exp.,

Inc., 712 F.3d 173, 179 (4th Cir. 2013)("Any uncertainty

regarding the scope of arbitrable issues agreed to by the

parties must be resolved in favor of arbitration.").  The Court

must particularly "avoid reaching the merits of arbitrable

issues."  Mercury Constr. Corp. v. Moses H. Cone Mem'l Hosp.,

6

656 F.2d 933, 939 (4th Cir. 1981) (citing Drivers, Chauffeurs,

etc. v. Akers Motor Lines, 582 F.2d 1336, 1342 (4th Cir. 1978)).

There is one important qualification to the presumption in

favor of arbitration—"Courts should not assume that the parties

agreed to arbitrate arbitrability unless there is 'clea[r] and

unmistakabl[e]' evidence that they did so." First Options of

Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995)(quoting AT & T

Techs., Inc. v. Commc'ns Workers, 475 U.S. 643, 649 (1986); see

also Peabody Holding Co., LLC v. United Mine Workers of Am.,

Int'l Union, 665 F.3d 96, 102 (4th Cir. 2012)("Parties . . . can

agree to arbitrate arbitrability, but such agreement must . . .

clearly and unmistakably provide that the arbitrator shall

determine what disputes the parties agreed to arbitrate."

(citation omitted)).

Finally, although federal law governs the arbitrability of

disputes, ordinary state-law principles resolve issues regarding

the formation of contracts. Hill v. Peoplesoft USA, Inc., 412

F.3d 540, 543 (4th Cir. 2005). "Thus, generally applicable

contract defenses, such as fraud, duress, or unconscionability,

may be applied to invalidate arbitration agreements without

contravening § 2 [of the FAA]." Doctor's Assocs., Inc. v.

Casarotto, 517 U.S. 681, 687 (1996).

IV.   DISCUSSION

A litigant can compel arbitration under the FAA by demonstrating "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction . . . to interstate or foreign commerce, and (4) the failure . . . of the [opposing party] to arbitrate the dispute." Roach v. Navient Sols., Inc., 165 F. Supp. 3d 343, 347 (D. Md. 2015)(citation omitted).  "The 'party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration.'" Id. (quoting Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 91 (2000)).

There is no doubt either that a dispute exists between the parties or that Garrett has failed to arbitrate the dispute. Further, Garrett does not dispute the relationship of the transaction to interstate commerce nor does she dispute that there is a written agreement that includes an arbitration provision.  However, Garrett contends that the arbitration clause in the Agreement is unconscionable as a matter of public policy and should not be enforced.  She also argues that the arbitration clause violates public policy as a matter of law, citing Talent-Nelson Military Lending Act ("MLA"), 10 U.S.C. § 987, which she contends effectively bans mandatory arbitration provisions in military installment loans.

Because this case involves the gateway question of whether the Agreement's arbitration clause is a valid contract, the Court has jurisdiction to consider the challenge and looks to Delaware law, which the parties agree[5] applies to this case. See, e.g., Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance."[6]); Green Tree Fin. Corp. v. Bazzle, 539 U.S. 444, 452 (2003)(plurality opinion) ("[w]hether the parties have a valid arbitration agreement at all" is a "gateway" question that requires judicial resolution).

An arbitration clause, as with any clause in a contract, may be invalidated if it is deemed unconscionable. See, e.g., Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996); Del. Code Ann. tit. 6, § 2-302. Under Delaware law, a contract is rendered unconscionable if the party with superior bargaining power used it to take unfair advantage of the other party, but the "terms must be so one-sided as to be oppressive." Graham v. State Farm Mut. Auto. Ins. Co., 565 A.2d 908, 912 (Del. 1989)(citation omitted). "[M]ere disparity between the

---

[5]    See Pl.'s Resp. 5, 8, ECF No. 10; Mot. Ex. A, ECF No. 7-3.
[6]    To the extent that Garrett challenges the validity of the entire loan agreement as unconscionable, the Court lacks the jurisdiction to review the challenge, and it "must go to the arbitrator." Buckeye, 546 U.S. at 449.

bargaining power[s] of parties to a contract will not support a finding of unconscionability." Id.

Garrett has failed to carry her burden of demonstrating that the arbitration provision is unconscionable. The terms of the arbitration clause are not so one-sided as to be oppressive. For example, there is a clearly stated opt-out provision, so if Garrett "did not wish to be subject" to it, she could have taken the necessary steps to opt out within 60 days of signing the Agreement. Mot. Ex. A ¶ 8, ECF No. 7-2. Also, the provision allows for Garrett to request an advance of the arbitration expenses "including the filing, administrative, hearing and arbitrator's fees." Id. at ¶ 5. Terms such as this cannot be said to be one-sided or oppressive. Garrett's arguments related to the Agreement's high interest rate and her need for financial assistance may be relevant to a discussion regarding the Agreement as a whole but do not demonstrate that the arbitration provision itself is unconscionable. Further, "courts have routinely held that under Delaware law arbitration clauses in credit card agreements are not unconscionable." Grimm v. First Nat. Bank of Pa., 578 F. Supp. 2d 785, 800 (W.D. Pa. 2008) (applying Delaware law). "The public policy of Delaware favors the resolution of disputes through arbitration." Graham, 565 A.2d at 913.

Garrett also failed to demonstrate that the arbitration provision violates the MLA. Garrett's assertions related to the interest rate cap imposed by the MLA do not relate to the arbitration provision but to the Agreement as a whole. Further, as Garrett states, the Agreement containing the arbitration provision was signed in 2013, at which time the MLA did not cover installment loans. Finally, the Agreement does not "require the borrower to submit to arbitration"[7] because the arbitration provision contains an opt-out clause.

Accordingly, the Court holds that the arbitration provision is enforceable. Garrett does not maintain that her claims fall outside the scope of the agreement to arbitrate, nor does she contend that the Court, rather than the arbitrator, should determine arbitrability of the claims.

The FAA requires a district court to stay judicial proceedings involving issues covered by arbitration agreements. 9 U.S.C. § 3. Dismissal is also a proper remedy under the circumstances. See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001). Therefore, as requested by Monterey, the Court shall compel arbitration of all matters raised in the Complaint and dismiss all causes of action.

---

[7]    10 U.S.C. § 987(e)(3)(emphasis added).

V.    CONCLUSION

For the foregoing reasons:

    1.    Defendant's Motion to Dismiss and to Compel
          Arbitration [ECF No. 7] is GRANTED.

    2.    Judgment shall be entered by separate Order.

SO ORDERED, on _July 25_, 2018.


                                    _____
                                    James K. Bredar
                                    Chief Judge